IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY L. WILLIAMS, § | | |
|     Petitioner, § | | |
| v. § | No. 3:20-cv-779-N (BT) | |
| § | | |
| UNITED STATES of AMERICA,[1] § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Rodney L. Williams, a state prisoner in the Dallas County Jail, filed a *pro se* "Emergency Motion to Temporarily Modify Intermittent Confinement as a Condition of Parole Due to the COVID-19 Pandemic," by which he seeks release from jail to house arrest. The Court should construe this filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and dismiss the petition for failure to exhaust state remedies.

I.

In 2004, Williams was arrested in Dallas County, Texas, and charged with robbery. He was later convicted and sentenced to four years' deferred adjudication probation. *See* Dallas County Cause No. F-04-73537. On September 30, 2005, his deferred adjudication probation was revoked, and he was sentenced to seventy years in prison. Although he was later paroled, Williams is currently incarcerated in the Dallas County Jail awaiting trial on a new charge of aggravated assault. *See*

---

[1] Although Williams names the United States as the Respondent, the proper Respondents are the Texas Board of Pardons and Paroles and the Dallas County Sheriff.

1

Dallas County Cause No. F-19-71822. He is also in custody on a parole revocation charge related to his previous robbery conviction.[2]

In his filing, Williams claims he is subject to intermittent incarceration in the Dallas County Jail as a condition of his parole, and he seeks deferment of his intermittent incarceration, or release to home confinement, to avoid possibly being exposed to the COVID-19 virus while incarcerated. The Court construes his filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody).

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Claims regarding parole revocation procedures are cognizable under the state habeas corpus procedures and must be exhausted

---

[2] Williams claims he is subject to intermittent incarceration as a condition of his parole, but Dallas County records show he is currently being held for a pending parole revocation and a new assault charge. (*See* www.dallascounty.org online criminal history).

2

before a petitioner may file in federal court. *See Jacobs v. Tex. Bd. of Pardons and Paroles,* No. H-10-2245, 2010 WL 2671582 *2 (S.D. Tex. Jul. 1, 2010) (citing *Ex parte Evans,* 964 S.W.2d 643, 648 (Tex.Crim.App.1998)).

Here, Williams does not allege that he exhausted his claims in state court. His petition should therefore be dismissed.

### III.

Williams's petition should be dismissed without prejudice for failure to exhaust state remedies.

Signed April 6, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).